

December 21, 2021

> The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion.
>
> SO ORDERED.
>
> December 21, 2021

**VIA ECF**
Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

          Re:    **Lourdes Perez v. Port Authority of New York and New Jersey et al.**
                  **Civil Action No.: 1:20-cv-3341- (JMF)**

Dear Judge Furman:

      The undersigned represents the Port Authority of New York and New Jersey, Scot Pomerantz and Joseph Brenneck (hereinafter "Defendants") in the above referenced matter. During the November 16, 2021, telephonic conference the Court directed defendants to file their Summary Judgment Motion on or before December 23, 2021. In connection therewith, defendants seek an Order authorizing them to file under seal the Qualification Review Meeting ("QRM") Booklets used to evaluate plaintiff for promotion in 2018.

Defendants seek to file the aforementioned booklets under seal because they contain interview questions and desired answers, iterations of which are continuously used within the evaluation process for the position of Sergeant with the Port Authority Police Department. Therefore, the confidentiality of the questions and answers must be preserved to preclude future prospective candidates from accessing them and obtaining an advantage over others. In accordance with FRCP 5.2, the Port Authority has valid privacy concerns regarding the content of the QRM Booklets. *"Once confidential information has been published, it is no longer confidential* (see *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013)). The QRM Booklets to date are documents that are not published or disseminated other than for the limited purpose of promotional evaluations.

Moreover, these booklets have only been provided to panelists within their function as interviewers and returned immediately following the interview process. Defendants have gone to great lengths to ensure that these booklets remain confidential. Throughout the process of document discovery defendants have watermarked these booklets as "Confidential for Attorneys Eye's Only." Additionally, throughout the relevant depositions that touch upon the content within the booklets, defendants have noted on the record the confidential designation of the same.

This Court has previously observed that […] the decision to allow documents to be filed under seal in connection with motions and court proceedings is a wholly separate inquiry governed by a different standard than whether to maintain documents disclosed in discovery in confidence." *Johnson v. Federal Bureau of Prisons*, No. 16 CV 3919, 2017 WL 5197143, at *3 (E.D.N.Y. Nov. 9, 2017). If the Court determines the documents at issue are judicial documents, a common law right of public access attaches, which may only be overcome upon the showing of good cause. *Lugosch v. Pyramid Co. of Onondaga*, 435 F. 3d 110, 119 (2d Cir. 2006). A judicial document " 'must be relevant to the performance of the judicial function and useful in the judicial process.' " *See id*. at 119 (citing United States v. Amodeo, 44 F. 3d 141, 145 (2d Cir. 1995)). In "determining whether good cause has been shown, courts must weigh the private interests advanced against the public interest in judicial documents." *Cumberland Packing Corp. v. Monsanto Co*., 184 F.R.D. 504, 505 (E.D.N.Y. 1999). The public interest "is based on the citizenry's right 'to keep a watchful eye' on the workings of federal courts and the federal courts' need for public accountability." Id. (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-98 (1978)).

In no way would filing these booklets under seal impede the public interest. The interview questions and suggested answers in and of themselves are not relevant to the underlying allegations and therefore should have no harmful effect on the public's interest in judicial documents and judicial process herein. Further, given the importance and widespread use of the interview questions and its lack of harm to the public interest if sealed, it is clear that the preservation of confidentiality under seal outweighs public interest.

Moreover, filing these booklets under seal in no way impedes plaintiff's ability to use the same in opposition. Additionally, per C(i) of this Court's Individual Rules and Practices, the undersigned has consulted plaintiff's counsel and has obtained their consent to file the same under seal.

"One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." For example, the Supreme Court explained in Nixon that 'the common-law right of inspection has bowed before the power of a court to ensure that its records' do not "serve as ... sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications, Inc.,* 435 U.S.589, 598 (1978). Relying on *Nixon,* the Ninth Circuit has stated that "[i]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to ... *release trade secrets*."

In the underlying matter, the concern is that the release of the booklets will cause competitive harm within the evaluation process of the Port Authority Police Department as it relates to the role of Sergeant. Releasing such information such as the interview questions and some of plaintiff's responses would undoubtedly affect the sanctity of the interview/selection process, giving rise to the potential for improper use by future applicants/candidates.

Lastly, sealing is appropriate in this instance as opposed to redactions since the entire booklet, both questions and answers, are what defendants are striving to keep confidential. In general, when

"information can be redacted, ... there is no need for the entire exhibit to remain sealed." *See Sunny Merch. Corp.*, 97 F. Supp. 3d at 511. Unlike the matter in *Great W. Ins. Co*, defendants have provided an exhaustive list of reasons in support of sealing. (Finally, Great Western does not explain why the exhibits it seeks to seal need to be sealed in their entirely, as opposed to filed in redacted form. In general, when "information can be redacted, ... there is no need for the entire exhibit to remain sealed." *See Sunny Merch. Corp.*, 97 F. Supp. 3d at 511. *See* Great W. Ins. Co. v. Graham, No. 18-CV-6249 (VSB), 2021 WL 5325924, at *2 (S.D.N.Y. Nov. 15, 2021)

Based on the foregoing, the undersigned requests that this Court grant defendants' letter motion to file the QRM Booklets under seal.

Respectfully submitted,

*Sandy Milord*

Sandy Milord, Esq.
Megan Lee, Esq.
Attorney for Defendants
The Port Authority of New York and New Jersey, Scot Pomerantz and Joseph Brenneck
4 World Trade Center
150 Greenwich Street, 24th Floor
New York, New York 10007
(212) 435-3427

Cc: **DEREK SMITH LAW GROUP, PLLC**
Danilo Bandovic, Esq.
Attorneys for Plaintiff
1 Pennsylvania Plaza, 49th Floor
New York, New York 10119
(212) 587-0760